Mecklenburg County Clerk of Superior Court

24CV021040-590

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24 CVS _____

JORDAN GLOVER,

*Plaintiff,*

v.

CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, SUSAN DORAN in her Official and Individual capacities, JAMIE BROOKS in her Official and Individual capacities, BRIAN KNAB in his Official and Individual capacities, KYLE WEGNER, BRANDON WEBB, and JOHN OR JANE DOE

*Defendants.*

**COMPLAINT
(JURY TRIAL DEMANDED)**

NOW COMES THE PLAINTIFF, by and through the undersigned counsel, complaining of the Defendants as follows:

## PARTIES

1. Plaintiff Jordan Glover ("Glover" or "Plaintiff"), who, at all times relevant was a student at Ardrey Kell High School (hereinafter "AKHS") located at 10220 Ardrey Kell Road in Charlotte, North Carolina.

2. Defendant Charlotte-Mecklenburg Board of Education (hereinafter "CMB"), is a governmental agency/entity existing under the laws of the state of North Carolina and has facilities and schools located throughout Mecklenburg County, including AKHS. At all times herein mentioned in this lawsuit, CMB acted and carried on its business by and through its agents, servants, and/or employees at its various locations, including AKHS.

3. Defendant Susan Doran, upon information and belief, is a citizen and resident of Alamance County, North Carolina. At all times relevant, Doran was the athletic director at Charlotte-Mecklenburg Schools and/or CMB.

4. Defendant Jamie Brooks, upon information and belief, is a citizen and resident of Lancaster County County, South Carolina. At all times relevant, Brooks was the principal at AKHS.

5. Defendant Brian Knab, upon information and belief, is a citizen and resident of Union County, North Carolina. At all times relevant, Knabb was the athletic director at AKHS.

6. Defendant Brandon Webb, upon information and belief, is a citizen of Mecklenburg County, North Carolina. At all times relevant, Webb was a track coach at AKHS.

7. Defendant Kyle Wegner, upon information and belief, is a citizen of Mecklenburg County, North Carolina. At all times relevant, Wegner was a track coach at AKHS.

8. Defendant John or Jane Doe, at all times relevant, was the shotput and/or throwing coach at AKHS.

9. Collectively Defendant CMB, Defendant Doran, Defendant Brooks, Defendant Knab, Defendant Webb, Defendant Wegner shall be referred to as Defendants.

## NATURE OF ACTION

10. This is an action against the aforementioned Defendant for compensatory damages, punitive damages, attorneys' fees, costs, and all other damages proximately caused by the deliberate actions, inactions, indifference, negligence, failure to protect, and other claims against Defendant CMB due to Defendant's deliberate indifference resulting in Plaintiff's serious injuries and violations of Plaintiff's established constitutional rights.

## GOVERNMENTAL IMMUNITY IS WAIVED

11. N.C. General Statute §115C-42 states: "Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his authority or within the course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort."

12. Upon information and belief, CMB has waived governmental immunity that could otherwise apply to the claims in this case. Upon information and belief, CMB has purchased liability insurance, either by contract with an insurance company or other qualified insurer as determined by the Department of Insurance, which provides coverage—including coverage to its officers and employees—for the claims raised in this action. CMB has thereby waived its sovereign or governmental immunity on these claims by purchasing insurance pursuant to N.C. General Statute § 115C-42.

13. Alternatively, should the Court determine that CMB is entitled to governmental immunity, which Plaintiff denies, then Plaintiff will have no adequate remedy at law and assert violations of Article I, §§ 15 and 19 and Article IX, § 1 of the North Carolina Constitution.

## FACTUAL ALLEGATIONS

14. At all times relevant, the Plaintiff was a student at AKHS.

15. At all times relevant, Plaintiff was an extremely active high school student who excelled in academics and enjoyed participating in football and track.

16. On or about May 26, 2021, Plaintiff was throwing a football with a friend on AKHS campus in an open field ("practice field").

17. At the aforementioned time, unbeknownst to Plaintiff, the track and field team was conducting an unsupervised practice session in the practice field.

18. At the aforementioned time and place, a member of the track team picked up a metal ball, which is commonly used for the shot-put event ("the shot") and recklessly threw it behind his back and over his head as far as possible (hereinafter "the throw" or "the incident").

19. The throw resulted in the shot being slammed into Plaintiff's head causing serious injuries to Plaintiff.

20. The shot was the property of CMB.

21. The use of the shot by the minor students attending AKHS was strictly dictated by the affirmative acts of the individual Defendants and/or the official policies and/or widespread customs of Defendants CMB and/or individual Defendants with final policymaking authority including without limitation Defendants Doran, Brooks, and Knab.

22. At all times relevant, no adults, staff, or coaches of AKHS were outside and/or present with the children, including Plaintiff.

23. At all times relevant, and upon information and belief, CMB and the individual Defendants provided potentially dangerous equipment, including but not limited to the shot, without supervision or oversight.

24. Upon information and belief, prior to the incident CMB and the individual Defendants had knowledge there were no adults, staff or coaches present at the practice field.

25. At all times relevant, prior to the incident, and upon information and belief, CMB and/or the individual Defendants had knowledge that the minor students on the track team had been provided with dangerous equipment, including the shot.

26. Upon information and belief, during the Spring semester of 2021, CMB and/or the individual Defendants regularly provided the minors on the track team with the dangerous equipment, including the shot, without supervision.

27. Upon information and belief, during the Spring semester of 2021, CMB and/or the individual Defendants provided the minors on the track team with the dangerous equipment to use unsupervised with such consistent regularity that Defendant CMB and/or the individual Defendants knew or should have known of the practice.

28. At all times relevant, and upon information and belief, CMB and/or the individual Defendants had a policy and/or custom of allowing students on the practice field without adults, staff, or coaches present.

29. At all times relevant, and upon information and belief, CMB and/or the individual Defendants maintained an official policy and/or widespread custom leaving potentially dangerous equipment on the practice field for students to use unsupervised.

30. At all times relevant, and upon information and belief, CMB and/or the individual Defendants maintained an official policy and/or widespread custom of providing dangerous equipment for students to use unsupervised.

31. As a direct and proximate result of the incident, Plaintiff suffered serve injuries, in excess of $25,000.00.

## FIRST CAUSE OF ACTION
### [Negligence/Gross Negligence]
### All Defendants

32. Plaintiff repeats and reallege each and every allegation set forth above with the same force and effect as if set forth fully herein.

33. The Defendants owed a duty to the Plaintiff to provide, among other things, a safe school environment.

34. The Defendants breached their duties in the following ways:

    a. Defendants failed to properly supervise its students;

    b. Defendants failed to take reasonable protective action as to the safety of student at the practice field;

    c. Defendants created and/or increased the risk of danger to Plaintiff by affirmatively allowing students on the practice field unsupervised;

    d. Defendants placed potentially dangerous equipment on the practice field without supervision or oversight;

    e. Defendants encouraged students to use the potentially dangerous equipment, including the shot, unsupervised;

    f. Defendants failed to train their agents and/or employees to the extent that the failure to train was deliberately indifferent to the rights and safety of Plaintiff;

4

    g. Defendants failed to train or monitor their agents and/or employees on identifying dangerous equipment that should not be used by minor students without supervision;

    h. Defendants failed to train their employees on identifying safety risks;

    i. Defendants failed to train their employees on taking reasonable precautions to avoid safety risks;

    j. And any other failures that may be discovered throughout the pendency of this matter.

35. The individual Defendants, at all relevant times, were acting under color of state law and within the course and scope of their employment with CMB.

36. Defendant CMB is vicariously liable for the negligent acts of the individual Defendants.

37. The acts described above were willful and wanton, done with reckless indifference or in total disregard for the rights and safety of others, including the Plaintiff.

38. As a result of the gross negligence and negligence of the Defendants, Plaintiff is entitled to a recovery of damages in an amount in excess of $25,000.00.

## SECOND CAUSE OF ACTION
### [U.S. Constitutional Violations – 42 U.S.C. 1983]
### All Defendants

39. Plaintiff repeats and reallege each and every allegation set forth above with the same force and effect as if set forth fully herein.

40. Defendant CMB, by and through its employees, subjected Plaintiff to direct harm by placing potentially dangerous equipment on school grounds, unsupervised, and by encouraging unsupervised use of said dangerous equipment.

41. The affirmative acts of the Defendants placed Plaintiff in a worse position with respect to his constitutional rights than he would have been in had the Defendant state-actors not acted at all.

42. At the time of the incident at issue, the Plaintiff had clearly established rights under the United States Constitution, including:

    a. To be free from deliberate indifference to a substantial risk of serious harm;

    b. To be free from state created danger;

    c. To bodily integrity; and

5

   d. In other ways that may be uncovered through discovery and litigation of this matter.

43. The Defendants violated these clearly established rights in the ways described herein including, but not limited to:

   a. Placing potentially dangerous equipment in an unsupervised area of school;

   b. Placing potentially dangerous equipment, without restriction, warning or protection in an area where students congregate;

   c. Upon information and belief, actively encouraging students to use potentially dangerous equipment without teachers, faculty, or staff present;

   d. Providing dangerous equipment to minor students for the purpose of allowing them to use the dangerous equipment unsupervised;

   e. Knowingly allowing students to use potentially dangerous equipment unsupervised;

   f. Failing to properly secure potentially dangerous equipment;

   g. Failing to warn other students of the use of potentially dangerous equipment in the vicinity;

   h. Creating the danger that Plaintiff would be injured by placing potentially dangerous equipment on the practice field without supervision or oversight and by encouraging students to use the potentially dangerous equipment unsupervised;

   i. Maintaining a policy and/or widespread custom wherein students were encouraged to use, allowed to use, and/or provided potentially dangerous equipment, including the shot, without supervision or oversight; and

   j. In other ways to be uncovered in discovery and at trial in this matter.

44. Defendants created the dangerous environment which subjected Plaintiff to injury, or at the very least, significantly increased the risk of that danger and did so through affirmative acts, by placing potentially dangerous equipment in the practice field and/or providing potentially dangerous equipment to minor students for the purpose of using said equipment on the practice field without supervision.

45. Upon information and belief, Defendants Webb, Wegner, Knab, and/or Doe, affirmatively provided the dangerous equipment to minor students to use unsupervised.

6

46. Upon information and belief, Defendants Doran, Brooks, and/or Knab were in possession of final policymaking authority regarding the policy of allowing minor students to use dangerous equipment unsupervised and/or providing said dangerous equipment to minor students for the purpose of allowing them to use the equipment unsupervised.

47. Upon information and belief, CMB, Doran, Brooks, and/or Knab had actual and/or constructive knowledge that agents and/or employees of CMB, Doran, Brooks, and/or Knab had, including the other individual Defendants named herein, prior to May 26, 2021, had been engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to students at AKHS, including Plaintiff.

48. Upon information and belief, CMB, Doran, Brooks, and/or Knab had actual and/or constructive knowledge that agents and/or employees of CMB, Doran, Brooks, and/or Knab had been providing dangerous equipment to minor students to use unsupervised or alternatively that said agents and/or employees had allowed and/or encouraged the use of dangerous equipment by the minor students in an unsupervised environment.

49. Despite having actual or constructive knowledge of the pervasive and unreasonable risk of constitutional injury due to the affirmative acts of their employees and/or agents, Defendants CMB, Doran, Brooks, and/or Knab's response to the danger was so inadequate as to show deliberate indifference to or tacit authorization of the dangerous and unconstitutional practices described herein.

50. At all times relevant hereto, CMB, Doran, Brooks, and/or Knab failed to adequately train its employees, including the named individual Defendants, with respect to avoiding unnecessary safety risks by leaving students unattended and simultaneously providing students with dangerous equipment.

51. Given the duties assigned to the individual Defendants as administrators, teachers, and coaches, said inadequate training created the obvious and likely risk that the lack of training would result in constitutional violations.

52. The official policies, widespread customs, and/or failures to adequately train detailed above were the moving force behind Plaintiff's injury.

53. As a direct and proximate result of the CMB and/or its employees' deliberate indifference by placing minor Plaintiff in a position of danger, Plaintiff suffered severe and permanent physical and psychological injuries and was forced to endure extreme pain, suffering, and emotional distress and mental anguish together with a total deprivation of his rights guaranteed him by the Constitution of the United States of America, including but not limited to, his substantive due process rights under the Fourteenth Amendment to bodily integrity and to be free from state-created danger.

## THIRD CAUSE OF ACTION
### [North Carolina Constitutional Violations]
### All Defendants

54. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

55. Alternatively, should the Court determine that the Defendants are entitled to governmental immunity, which Plaintiff denies, then Plaintiff has no adequate remedy at law and assert the following Constitutional violations pursuant to the laws of the State of North Carolina.

56. This alternative cause of action is brought against Defendants pursuant to Article 1, §§ 15 and 19 and Article IX, § 1 of the North Carolina Constitution.

57. At all times relevant hereto, Defendant CMB was vicariously liable for the acts of its employees and/or agents.

58. The Defendants knew prior to the incident that the practice field at AKHS was unsupervised and were deliberately indifferent to the rights of Plaintiff by failing to protect him and increasing the likelihood of the deprivation of his rights to liberty and education.

59. The events alleged herein, which upon information and belief were permitted to arise due to the negligence and deliberate indifference of the Defendants, deprived Plaintiff the privilege of an education as well as his right to be free from state-created danger and harm.

60. As a direct and proximate result of CMB and/or its employees' delayed action, deliberate indifference, and/or failure to protect Plaintiff, he suffered severe and permanent physical and psychological injuries and was forced to endure extreme pain, suffering, emotional distress, and mental anguish together with a total deprivation of his rights guaranteed to him by the North Carolina Constitution. As such, Defendants have violated:

    a. Article 1, § 15 of the North Carolina Constitution by depriving the Plaintiff of an education free from bodily harm in violation of his right to the privilege of education.

    b. Article I, § 19 of the North Carolina Constitution by depriving the Plaintiff of an education free from bodily harm and thereby depriving him of his liberty, interests, and privileges.

    c. Article IX, § 1 of the North Carolina Constitution by depriving the Plaintiff of an education free from harm in violation of the obligation that schools and means of education shall be encouraged.

61. As a result of Defendants' violations of the North Carolina Constitution and deprivation of the Plaintiff's rights, Plaintiff has suffered significant damages in an amount to be determined at trial, but in excess of $25,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

1. That Plaintiff have and recover damages from Defendants in an amount to be determined at trial for their negligence;

2. That Plaintiff have and recover damages from Defendant CMB in an amount to be determined at trial pursuant to 42 U.S.C. § 1983 for its violation of the United States Constitution;

3. That Plaintiff have and recover damages from Defendant CMB in an amount to be determined at trial for its violation of the North Carolina Constitution;

4. That Defendant be taxed with the costs of this action, including reasonable attorneys' fees as allowed by law, costs, prejudgment interest, etc.;

5. That all issues so triable, be tried to a jury; and

6. For any other relief this Court deems just and proper under the circumstances.

Respectfully submitted, this 9th day of May, 2024.

*[signature]*

Brittany N. Conner, NC State Bar 53913
F. William DeVore, IV, NC State Bar 39633
*Attorneys for Plaintiff*
DeVore, Acton & Stafford, P.A.
438 Queens Road
Charlotte, NC 28207
Telephone: 704-377-5242
Facsimile: 704-332-2825
bconner@devact.com
wdevore@devact.com

| STATE OF NORTH CAROLINA | File No. 24CV021040-590 ~~24-CVS-~~ |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Jordan Glover | **CIVIL SUMMONS** |
| Address | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| DeVore, Acton, & Stafford, P.A., 438 Queens Rd | |
| City, State, Zip | |
| Charlotte NC 28207 | G.S. 1A-1, Rules 3 and 4 |
| VERSUS | |
| Name Of Defendant(s) | Date Original Summons Issued |
| Charlotte-Mecklenburg Board of Education, Sue Doran, in her offical and individual capacities, Jamie Brooks, in her official and individual capacities, Brian Knab, in his official and individual capacities, Kyle Wegner, Brandon Webb and John or Jane Doe | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Kyle Wegner<br>6601 Farmingdale Dr.<br>Charlotte, NC 28212-4419 | Brandon Webb<br>6300 Pella Rd.<br>Charlotte, NC 28211-5447 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| F. William DeVore, IV/Brittany N. Conner<br>DeVore, Acton, & Stafford, P.A.<br>438 Queens Rd<br>Charlotte, NC 28207 | 5/9/2024 | 4:18:30 pm ☐ AM ☐ PM |
| | Signature | /s/ Norris Browne |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 24CV021040-590 ~~24-CVS-~~ |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

**Name Of Plaintiff**
Jordan Glover

**Address**
DeVore, Acton, & Stafford, P.A., 438 Queens Rd

**City, State, Zip**
Charlotte NC 28207

**VERSUS**

**Name Of Defendant(s)**
Charlotte-Mecklenburg Board of Education, Susan Doran, in her offical and individual capacities, Jamie Brooks, in her official and individual capacities, Brian Knab, in his official and individual capacities, Kyle Wegner, Brandon Webb and John or Jane Doe

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
Charlotte-Mecklenburg Board of Education
Attn: Stephanie Sneed - Chair / Board Services Office
P.O. Box 30035
Charlotte NC 28230-0035

**Name And Address Of Defendant 2**
Susan Doran
4 Willow Oak St.
Elon, NC 27244-9105

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
F. William DeVore, IV/Brittany N. Conner
DeVore, Acton, & Stafford, P.A.
438 Queens Rd
Charlotte, NC 28207

**Date Issued:** 5/9/2024 **Time:** 4:18:30 pm ☐ AM ☐ PM

**Signature:** /s/ Norris Browne

☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement** **Time** ☐ AM ☐ PM

**Signature**

☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

# EXHIBIT A

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 24CV021040-590 ~~24-CVS-~~ |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| Jordan Glover |

| Address |
|---|
| DeVore, Acton, & Stafford, P.A., 438 Queens Rd |

| City, State, Zip | | |
|---|---|---|
| Charlotte | NC | 28207 |

**VERSUS**

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| Charlotte-Mecklenburg Board of Education, Sue Doran, in her offical and individual capacities, Jamie Brooks, in her official and individual capacities, Brian Knab, in his official and individual capacities, Kyle Wegner, Brandon Webb and John or Jane Doe | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Jamie Brooks<br>13026 W. Palermo Ct.<br>Fort Mill, SC 29707-6485 | Brian Knab<br>211 Tyndale Ct.<br>Waxhaw, NC 28173-6564 |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| F. William DeVore, IV/Brittany N. Conner<br>DeVore, Acton, & Stafford, P.A.<br>438 Queens Rd<br>Charlotte, NC 28207 | 5/9/2024 | 4:18:30 pm  ☐ AM  ☐ PM |
| | Signature | /s/ Norris Browne |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM  ☐ PM |
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
|  |  |  |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
|  |  |  |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |