# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:24-CV-549-FDW-DCK

| | |
|---|---|
| JORDAN GLOVER, | )<br>) |
| Plaintiff, | )<br>) **ORDER** |
| v. | )<br>) |
| CHARLOTTE MECKLENBURG BOARD OF EDUCATION, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Dismiss" (Document No. 2), "Plaintiff's Consent Motion For Leave To Amend Plaintiff's Complaint" (Document No. 9), and "Plaintiff's Motion For Extension Of Time To Respond To Defendants' Motion To Dismiss" (Document No. 11). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion to amend, and direct that the pending motions to dismiss and for an extension of time be <u>denied</u> as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." <u>Nourison Rug Corporation v. Parvizian</u>, 535 F.3d 295, 298 (4th Cir. 2008) (<u>citing</u> <u>HCMF Corp. v. Allen</u>, 238 F.3d 273, 276-77 (4th Cir. 2001)); <u>see also</u>, <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." <u>Pittston Co. v. U.S.</u>, 199 F.3d 694, 705 (4th Cir. 1999) (<u>quoting Foman</u>, 371 U.S. at 182).

## DISCUSSION

Based on the foregoing legal authority, Plaintiff's motion and memorandum in support, and Defendants' consent, the undersigned will allow Plaintiff to file an Amended Complaint which supersedes the original Complaint. Furthermore, the undersigned will direct that Defendants' "Motion To Dismiss" (Document No. 2) and "Plaintiff's Motion For Extension Of Time To Respond To Defendants' Motion To Dismiss" (Document No. 11) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); <u>see also</u>, <u>Fawzy v. Wauquiez Boats SNC</u>, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); <u>Colin v. Marconi Commerce Systems Employees' Retirement Plan</u>, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants

were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

This Order is without prejudice to Defendants filing a renewed motion to dismiss the Amended Complaint.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Consent Motion For Leave To Amend Plaintiff's Complaint" (Document No. 9) is **GRANTED**.[1] Plaintiff shall file an Amended Complaint on or before **July 23, 2024**.

**IT IS FURTHER ORDERED** that Defendants' "Motion To Dismiss" (Document No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion For Extension Of Time To Respond To Defendants' Motion To Dismiss" (Document No. 11) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: July 19, 2024

David C. Keesler
United States Magistrate Judge

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."