UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00549-FDW-DCK

| JORDAN GLOVER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| CHARLOTTE MECKLENBURG BOARD OF EDUCATION, ET AL., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendant Charlotte-Mecklenburg Board of Education's Motion to Dismiss, (Doc. No. 14). This matter has been fully briefed, (Doc. No. 21), and is ripe for ruling. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Jordan Glover, a former student and member of the track team at Defendant's Ardrey Kell High School, sustained injuries when another member of the track team thew a shotput during an unsupervised track practice, striking Plaintiff in the head. On May 9, 2024, Plaintiff initiated this lawsuit in Mecklenburg County Superior Court seeking compensatory and punitive damages for Defendants' alleged negligence and violation of his constitutional rights. Defendants timely removed. Plaintiff filed an amended complaint on July 23, 2024. (Doc. No. 13.)

On August 6, 2024, Defendant Board filed the present Motion to Dismiss on behalf of all Defendants arguing Plaintiff fails to state a claim upon which relief may be granted on all three causes of action and asserting governmental and public official immunity. (Doc. No. 14.)

1

## II. STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When ruling on a motion to dismiss, a court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff, but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. When considering a motion under Rule 12(b)(6), courts must separate facts from legal conclusions, as conclusions are not entitled to a presumption of truth. Id. at 681. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

Federal courts are permitted to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."). "'Generally, when a district court dismisses all federal claims in the early stages of litigation' – e.g., at the summary-judgment stage – 'it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims

2

without prejudice.'" Henderson v. Harmon, 102 F.4th 242, 251 (4th Cir. 2024) (citing Banks v. Gore, 738 F. App'x 766, 773 (4th Cir. 2018)) (cleaned up).

## III. DISCUSSION

**A. Individual Defendants (Official Capacity Claims)**

Defendant Board argues Plaintiff's claims against its employees in their official capacities are redundant of his claims against the Board, which are themselves barred by governmental immunity.[1] (Doc. No. 14-2, p. 6.)

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978); see also Kentucky v. Graham, 473 U.S. 159, 166 (1985) (explaining that official capacity suits are not "against the official personally, for the real interest is the entity"). There is, therefore, no "need to bring official-capacity actions against local government officials, for, under Monell[,] local government units can be sued directly for damages and injunctive or declaratory relief." Id. at 167 n.14. The Fourth Circuit agrees. See Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004). Plaintiff offers no argument in opposition, and he alleges a Monell claim in his amended Complaint. (Doc. No. 13, pp. 6–8; Doc. No. 21, pp. 13–14).

For the foregoing reasons, Plaintiff's official capacity claims against Defendants Doran, Brooks, Knab, and Webb[2] are DISMISSED as duplicative of his claims against the Board.

**B. Failure to State a Claim**

Defendant Board argues Plaintiff fails to state a claim for negligence, violation of the United States Constitution, or violation of the North Carolina Constitution. (Doc. No. 14-2, pp. 8–13.)

---

[1] For the reasons set forth below, the Court does not address Defendant Board's assertion of governmental immunity.
[2] Plaintiff voluntarily dismissed all claims against Defendant Kyle Wegner. (Doc. No. 28.)

3

With respect to Plaintiff's federal claim, he alleges Defendants violated his constitutional rights under the substantive due process clause of the Fourteenth Amendment. Specifically, he alleges Defendants violated his rights "to bodily integrity," "to be free from deliberate indifference to a substantial risk of serious harm," and "to be free from state-created danger." (Doc. No. 13, ¶ 44, p. 6.) Plaintiff alleges Defendant Board maintained a policy or custom of allowing students access to dangerous athletic equipment unsupervised and failed to train its employees to avoid these risks, which caused his injuries. (Id., ¶¶ 45, 48, p. 7.)

To proceed on his Section 1983 claim, Plaintiff must plausibly allege a violation of his substantive due process rights. Plaintiff's constitutional claim relies on two theories: the state-created danger doctrine and failure to train. (Doc. No. 21, pp. 11–13.) The state-created danger doctrine is an exception to the general rule that "the Due Process clause of the Fourteenth Amendment does not require governmental actors to affirmatively protect life, liberty, or property against intrusion by private third parties." Pinder v. Johnson, 54 F.3d 1169, 1174 (4th Cir. 1995). The doctrine applies only where "the state affirmatively acts to create or increase the risk that resulted in the victim's injury." Graves v. Lioi, 930 F.3d 307, 319 (4th Cir. 2019).

Plaintiff's state-created danger claim rests on allegations that Defendants—specifically Doran, Brooks, and Knab—allowed or encouraged the use of dangerous athletic equipment by minor students in an unsupervised environment, and that Webb provided the students the equipment. He argues his claim meets the requirement that Defendant have "affirmatively act[ed]" to create the risk because Defendants acted by providing students with the shotput that injured him. But the danger was not caused by Defendants' *actions*. It was, at best, indirectly caused by Defendants' omission—failure to supervise track practice on May 26, 2021. Unless Ardrey Kell High School forfeited its students' ability to earn points and compete in the shotput event during

4

track meets, the individual Defendants were always going to provide track athletes with the equipment at issue. That affirmative act did not cause Plaintiff's injuries. And an omission—failing to supervise track practice—is insufficient to impose liability under the state-created danger doctrine. "[C]ourts should resist the temptation to accept plaintiffs' attempts to artfully recharacterize inaction as action." Graves, 930 F.3d at 327 (cleaned up). The state-created danger doctrine is the exception, not the rule. Indeed, the Fourth Circuit has not authored a published opinion recognizing a successful state-created danger claim since 1995. Burns-Fisher v. Romero-Lehrer, 57 F.4th 421, 425 (4th Cir. 2023). For these reasons, Plaintiff's Section 1983 claim fails to the extent it relies on a theory of state-created danger.

A school board can be liable under Section 1983 for failure to train if its failure "in a relevant respect evidences a 'deliberate indifference' to" a student's constitutional rights. Jordan v. Jackson, 15 F.3d 333, 341 (4th Cir. 1994) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). Plaintiff alleges Defendant Board's failure to adequately train employees concerning the risks of providing students with dangerous equipment unsupervised demonstrates deliberate indifference to his constitutional right to bodily integrity. But to assert a claim for failure to train, Plaintiff must allege an underlying constitutional violation. Young v. City of Mount Ranier, 238 F.3d 567, 579 (4th Cir. 2001), abrogated on other grounds by Short v. Hartman, 87 F.4th 593 (4th Cir. 2023). As the Court has already explained, Plaintiff has not plausibly alleged a substantive due process violation, therefore he cannot proceed on his failure to train theory.

Because Plaintiff has not plausibly alleged a constitutional violation, his claim under Monell that Defendant Board's custom or policy caused a violation of his constitutional rights must also fail. Therefore, the Court DISMISSES Plaintiff's second cause of action in its entirety.

5

## IV. JURISDICTION

Plaintiff's only remaining causes of action are state law claims for negligence/gross negligence and violation of the North Carolina Constitution. Once all federal claims have been dismissed, district courts may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3). Declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. Chesapeake Ranch Water Co. v. Board of Comm'rs of Calvert Cnty., 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims). For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which will be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 14), is **GRANTED** as to Plaintiff's Section 1983 claim, which is **DISMISSED with prejudice**, and as to Plaintiff's claims under state law, which are **DISMISSED without prejudice**.

The Clerk is respectfully directed to **CLOSE THE CASE**.

**IT IS SO ORDERED.**

Signed: March 25, 2025

Frank D. Whitney
United States District Judge